

THE CITY OF NEW YORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

**JORDAN M. SMITH**
Special Federal Litigation Division
(212) 788-0869
fax (212) 788-9776
josmith@law.nyc.gov

July 18, 2007

**BY FAX**
Honorable Victor Marrero
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York NY 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-19-07

Re:   Jesse Rosen v. City of New York, et al.
       07-CV-6018 (VM)

Your Honor:

I am the Assistant Corporation Counsel assigned to the defense of the above-referenced federal civil rights case. I respectfully write to request a 60-day enlargement of time for defendants City of New York and New York City Department of Correction Commissioner Martin F. Horn to answer or otherwise respond to the complaint from July 18, 2007, to September 17, 2007. Plaintiff's counsel, Michael Jaffe, Esq., does not consent to this request. We discussed this matter yesterday at which time he stated he would consent if the City agreed to waive its affirmative defense related to the plaintiff's non-appearance for a hearing under N.Y. Gen. Mun. L., §50-h. I stated I would review the matter and speak to him again today. After reviewing documentation from the City Comptroller's Office, defendants will not waive that affirmative defense. When I so informed him this afternoon, Mr. Jaffe told me that plaintiff will not consent to any enlargement of time to answer the complaint.

There are several reasons for the requested enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. In this federal civil rights case, plaintiff alleges he was assaulted by fellow inmates at a housing facility on Rikers Island maintained by the New York City Department of Correction. According to plaintiff, the incident on September 12, 2006, took place in view of at least one unidentified New York City

correction officer who allegedly failed to intervene to stop the assault. Plaintiff then alleges that various DOC staff were deliberately indifferent to his serious medical needs, including orbital and nasal fractures. He also claims that doctors working in DOC facilities and in Elmhurst Hospital, managed by the New York City Health and Hospitals Corporation (HHC), committed medical malpractice. Defendants respectfully submit that the proposed extension of time will allow them to gather reports of the alleged incident, as well as documentation of plaintiff's medical treatment. This office is forwarding release forms for plaintiff's medical records to plaintiff's counsel so that we may obtain plaintiff's medical records.

Second, in addition to this federal action, plaintiff simultaneously filed an essentially identical complaint in Bronx County Supreme Court, index number 16753/07.[1] Both actions name the City of New York, Commissioner Horn, HHC and Prison Health Services, Inc. (PHS), as defendants and contain claims under federal and state law. Accordingly, defendants intend to file a Notice of Removal of the action pending in state court. Once removed, defendants will seek consolidation of the two identical actions before Your Honor. It is our expectation that this office will represent both HHC and PHS once they have been served; therefore, there will be unanimity among defendants in the request to remove and consolidate the cases. We anticipate filing the Notice of Removal within the time set forth in 28 U.S.C. § 1446(b). The requested enlargement of time to answer will permit defendants to file one answer.

No previous requests for an enlargement of time to respond to the complaint or have been made. Accordingly, defendants City of New York and Commissioner Horn respectfully request that their time to answer or otherwise respond to the complaint be extended to September 17, 2007.

· Thank you for your consideration of this request.

Request GRANTED. The time for defendant(s) to answer or otherwise move with respect to the complaint in this action is extended to _____

SO ORDERED.

2-19-07

DATE    VICTOR MARRERO, U.S.D.J.

Respectfully submitted,

Jordan M. Smith (JS 7186)
Assistant Corporation Counsel

cc:    Michael Jaffe, Esq. (by fax)
       Pazer & Epstein, P.C.

---

[1] The only differences between the two complaints are two additional paragraphs related to jurisdiction and venue in the federal complaint. In addition, the state complaint is verified by counsel.