# Pazer & Epstein, P.C.

### ATTORNEYS AT LAW
### 20 VESEY STREET
### NEW YORK, NEW YORK 10007
### (212) 227-1212

PERRY PAZER
MARK J. EPSTEIN
MICHAEL JAFFE
JONATHAN N. PAZER
MATTHEW J. FEIN
EUGENE GOZENPUT

July 19, 2007

FACSIMILE (212) 374-1778
SUFFOLK OFFICE
1776 E. JERICHO TURNPIKE
HUNTINGTON, N.Y. 11743
(631) 864-2429

Honorable Victor Marrero
United States District Judge
Southern District of New york
United States Courthouse
500 Pearl Street, Suite 660
New York, NY 10007

BY FAX:  212-805-6382

     Re:    Jesse Rosen v. City of New York, et. al.
              07-CV-6018 (VM)

Your Honor:

     With reference to the above-captioned action, I write in response to the letter of Corporation Counsel of the City of New York dated July 18, 2007, wherein defendants requested an extension of time to answer the complaint herein.

     This office represents Jesse Rosen in a claim for serious injuries and violation of Civil Rights arising out of an incident which occurred on June 22, 2006 while Mr. Rosen was an inmate at Riker's Island, a New York City facility.

     On September 12, 2006 a Notice of Claim was served on the City defendants setting forth the time, place and manner of occurrence pursuant to General Municipal Law Section 50-e.  Thereafter, by letter dated November 8, 2006, the Comptroller's office forwarded notice of a municipal hearing pursuant to Section 50-h of the General Municipal Law to this office, designating the hearing for November 28, 2006, not at Riker's Island where plaintiff was then an inmate, but rather, at an outside counsel's office, that of Wilson, Elser, Moskowitz, Edelman & Dicker, 150 East 42nd Street, New York, NY 10017.

     Upon receipt of the notice, by letter dated November 17, 2007, this office advised the comptroller's office that Mr. Rosen remained incarcerated and inquired as to whether the defendants intended to proceed with a hearing, and, if so, how such hearing was to be held, so that we could appear for same, as Mr. Rosen remained in the custody of the City of New York.

Page 2.
Hon. Victor Marrero
Re:    07-CV-6018 (VM) / Rosen v. City of New York, et. al.


With no response to our November 17, 2007 letter forthcoming, this office spoke with the Comptroller's office to work through this issue and followed with a letter to the Comptroller's office dated December 13, 2006, wherein we proposed holding the hearing at Riker's Island, or a waiver of the hearing by the City as the defendants would be able to depose Mr. Rosen during the course of discovery anyway. However, the Comptroller responded with an unacceptable response, namely a stipulation that suit could be started but the City and any of its agencies named in the suit would not be required to answer the complaint until thirty days after a hearing pursuant to GML 50-H was held, a solution which could effectively delay the prosecution of this matter indefinitely, as we were then unaware as to when Mr. Rosen might be released from prison.

Thereafter, by letter dated January 31, 2007, this office again wrote to the Comptroller's office, reciting the history of the attempts at scheduling the hearing, and now advising the Comptroller that since the time when Mr. Rosen's testimony could have been taken at the City's facility, Mr. Rosen had now been transferred to Lakeview, NY to a State facility. I note that the transfer from Riker's Island to Lakeview occurred on January 12, 2007. We once again requested that arrangements be made for the hearing to be held at the facility in which Mr. Rosen was incarcerated, or that the City arrange for the hearing to be held elsewhere if they so chose.

Only after Mr. Rosen had been transferred from a City facility (Riker's) did the Comptroller's office, by letter dated March 1, 2007 (nearly three months after filing of the notice of claim), agree to hold the 50-H hearing at Riker's Island or another location within the City of New York. Thereafter, as Your Honor is likely aware, suit was commenced without the 50-h hearing being held.

As Your Honor is aware, Corporation Counsel contacted me requesting an extension of time to answer the complaints herein. I advised that I would stipulate to an extension as long as there were no defense raised by defendants regarding the failure to have held a 50-h, in light of the efforts that were made to obtain cooperation by the Comptroller's Office without success. Mr. Smith, the attorney from Corporation Counsel who is handling this matter would not agree to my request and thereafter made application to Your Honor for an extension of time to answer, which application, I understand, will be or has been granted by the Court.

In light of the jurisdictional issue which arises out of the 50-h defense to be raised by defendants herein, it is respectfully requested that an immediate conference be scheduled before Your Honor so that this issue may be resolved. It remains our proposal that one of the following solutions be implemented:

Page 3.
Hon. Victor Marrero
Re:    07-CV-6018 (VM) / Rosen v. City of New York, et. al.

1.    A waiver of the 50-h hearing as there will be a deposition of the plaintiff held during the course of discovery (especially in light of the fact that the 50-h hearing was not requested within 30 days after the notice of claim had been filed, which delay allowed for institution of suit under the provisions of the General Municipal Law anyway).

2.    Respectfully, that an order issue from the Court directing the production of the plaintiff at a City facility within the five boroughs for purposes of an immediate hearing to satisfy the requirements of General Municipal Law Section 50-h, after which the defendants may be required to answer the complaint within a time specified by the Court.

3.    A hearing to be held at Mariah SHOCK Incarceration Correctional Facility in Minerville, NY, where Mr. Rosen is presently incarcerated. (We have recently learned that he is expected to be released on August 16, 2007).

4.    That upon plaintiff's release the City and City agencies be permitted to hold a 50-h hearing, answering thereafter without a defense of lack of 50h hearing having been held.

While I do not wish to burden the Court with procedural issues, in light of the efforts made by this office to satisfy the requirements of the law without cooperation by the Comptroller's office until after Mr. Rosen had been transferred out of a City facility, we have no choice but to make the within application to Your Honor.

Lastly, as to the issues raised by defense counsel regarding removal of the State action to Federal Court, should Your Honor wish to hear argument on the issue we will present law on same as we intend to oppose the anticipated removal of the State Court action to Federal Court.

Thank you for your consideration herein.

Very truly yours,

PAZER & EPSTEIN, PC

BY:  MICHAEL JAFFE

MJ;dr
Enclosure

cc:  Corporation Counsel (Jordan Smith, Esq.) – by fax: 212-788-9776