UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JESSE ROSEN,

                            Plaintiff,

          - against -                         07-CV-6018 (VM)

THE CITY OF NEW YORK, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, PRISON HEALTH    PLAINTIFF'S FIRST SET
SERVICES, INC., MARTIN F. HORN, Commissioner of   OF INTERROGATORIES
the New York City Department of Correction, OFFICER  TO ALL DEFENDANTS
JOHN DOE, said name being fictitious, being intended to
designate the City of New York Correction Officer involved
in the action herein, and JOHN DOE, M.D., said name being
fictitious, being intended to designate the physician involved
in the action herein,

                            Defendants.
------------------------------------------------------------------X

    **PLEASE TAKE NOTICE**, Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Local Civil Rules 26.2, 26.3 and 26.4 of this Court, plaintiff hereby requests that defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below within thirty days after service hereof.

    These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, defendant City of New York obtains or becomes aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26 (e) of the Federal Rules, defendant City of New York shall, within thirty days serve upon the undersigned supplemental sworn written answers setting forth such additional information.

### INSTRUCTIONS

    1.    If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known

or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

2. If any information called for by an interrogatory is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Local Rule 26.3.

2. As used herein, the term "incident" refers to events described in the Complaint.

## INTERROGATORIES

1. State the names and shield numbers of all corrections officers including supervisory personnel who were present during the incident which is the subject of this lawsuit.

2. State the names and shield numbers of all corrections officers and supervisory personnel assigned to the area known as C73, George Motchan Detention Center ("GMDC") at Rikers Island, Dorm 3 Upper on June 21, 2006 and for two weeks prior thereto.

3. Identify any documents prepared by each and every defendant in connection with the incident which is the subject of this lawsuit.

4. Identify the name of any person who witnessed, was present at, or has knowledge of the incident which is the subject of this lawsuit.

5. State whether any officers were disciplined in any way as a result of the incident complained of herein.

6. State whether any investigation was undertaken into the incident complained of herein.

      a.    If any investigation was undertaken state the outcome of said investigation.

      b.    If any investigation was undertaken state the name or names of the person or persons overseeing said investigation.

      c.    If any investigation was undertaken state the names of all witnesses and involved parties interviewed during the course of said investigation.

7.    State whether any individual was disciplined or prosecuted as a result of the incident complained of herein, including but not limited to inmate, Jason Campbell and Corrections Officer Latkey.

      a.    If any individual was disciplined or prosecuted state the names of those individual(s).

      b.    If any individual was disciplined or prosecuted state the outcome of each such investigation or prosecution.

      c.    If any individual was disciplined or prosecuted state the names of all witnesses and involved parties interviewed or participating during the course of said disciplinary proceeding or prosecution.

8.    Identify by complete name, home and business address and home and business telephone number each and every person having knowledge of the facts in this cause of action. Please note that the Plaintiff will object to the introduction of any testimony from any person not identified pursuant to this Interrogatory.

9.    State with specificity the exact involvement of all corrections department personnel or law enforcement officers with respect to the incident which is the subject matter of this Complaint

10.    With respect to each Corrections Department employee or law enforcement officer of NYC DOCS who was present at the scene when Mr. Rosen was assaulted, state the following:

  a. The time, the reason and the exact participation of each NYC DOCS official made the scene;

  b. Whether a statement was taken of each officer; and the time, date, place and reason for any statement taken;

11. Please identify by complete name, present home and business address, and present home and business telephone number, each and every person having knowledge of any of the facts in this action including including, but not limited to, a list of all inmates housed in the same area or pod as the Plaintiff, a list of all inmates present at the time the Plaintiff was assaulted, persons identified in response to Interrogatory No. 1, and No 2, and medical personnel responsible for screening, interviewing or providing medical treatment or medicine to the Plaintiff.

12 State how the security level was determined for plaintiff and the other inmates in the housing area where plaintiff was housed and the how the level of security was implemented including, if indicated, particular special medical or social attention that was determined.

13. State what policies and procedures existed and how they were implemented in this case for classification and housing of persons who have histories of violence or gang affiliation at the time of the incident as well as classification procedures, if any, for classifying prisoners as "vulnerable to attacks"

14. State specifically what knowledge or information was available to any and all DOCs employees with regard to tension, hostility, threats or prior physical confrontations between plaintiff and any of the inmates housed in plaintiff's housing area up to and including the time of the assault on plaintiff.

15. State what information existed regarding any complaints by plaintiff or other information possessed by DOCs of a risk of attack by plaintiff or other inmates in his situation prior to the time of the assault on plaintiff and and what investigation if any

took place with regard to previous complaints or other information with regard to a risk of attack on inmates.

16. State what policy or policies, if any, DOCs has or had with regard to internal investigations of assaults to determine whether inmate assaults were caused by staff error, staff misconduct, institutional deficiency or other causes.

Dated: New York, New York
January 25, 2008

Yours, etc.

By: _____
MICHAEL JAFFE, ESQ. (8319)
PAZER & EPSTEIN, P.C.
Attorneys for Plaintiff
20 Vesey Street, #700
New York, NY 10007
(212) 227-1212

TO: Michael A. Cardozo
CITY OF NEW YORK
**Law Department**
Attorneys for Defendants
100 Church Street, 4th Floor
New York, N.Y. 10007
*Attn: Jordan Smith, Esq.*