UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JESSE ROSEN,

       Plaintiff,

- against -

THE CITY OF NEW YORK, NEW YORK CITY HEALTH
AND HOSPITALS CORPORATION, PRISON HEALTH
SERVICES, INC., MARTIN F. HORN, Commissioner of the New
York City Department of Correction, OFFICER JOHN DOE, said
name being fictitious, being intended to designate the City of New
York Correction Officer involved in the action herein, and JOHN
DOE, M.D., said name being fictitious, being intended to designate
the physician involved in the action herein,

       Defendants.          Jury Trial Demanded
------------------------------------------------------------------------X

07-CV-6018 (VM)

PLAINTIFF'S FIRST
REQUEST FOR
DOCUMENTS TO
DEFENDANTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff by his undersigned counsel, requests that defendants produce for inspection and copying at the offices of plaintiff's counsel the documents and things described below within 30 days of time of service of said requests in accordance with Rule 34 of the Federal Rules of Civil Procedure.

These requests are deemed to be continuing, and you have the duty to supplement your responses if you obtain further information between the time answers are served and the time of trial.

### General Instructions

1. The term "the incident" shall refer to the assault by inmate Jason Campbell upon plaintiff, JESSE ROSEN' on or about June 21, 2006, as identified in the complaint in this action.

2. The term "document" shall have the meaning set forth in Rule 34 of the Federal Rules of Civil Procedure and shall refer to any means by which information is recorded or retained, including, without limitation, originals, non-identical copies, drafts, or electronic or computer data storage. "Writings" shall include, without limitation, all material of any

kind including, but not limited to, orders, instructions, directives, regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence, and logs. "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

3. The term "identify" or "identity" when used with respect to persons is a request for you to supply the full name, address, height, weight, and date of birth of the person to be identified.

4. For any requested document that you claim to be protected by privilege or immunity, state as to each document the privilege or immunity asserted and the following information:
   a. the author(s);
   b. the recipient(s) (including those copied);
   c. the date;
   d. the subject matter of the document; and
   e. the basis for the claim of privilege or immunity.

5. As used herein, the singular shall include the plural, and vice versa.

6. As used herein, "or" shall include "and/or"; "any" shall include "any and all".

7. The term "concerning" means referring to, describing, evidencing, constituting, or relating to in any manner.

8. The term "Internal Affairs Bureau" shall include any department, division, board, committee or file in which correction officer misconduct complaints are lodged, investigated or filed, and any department, division, board or committee which supervises and monitors the conduct of correction officers.

9. If documents responsive to a particular request no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents to the fullest extent possible, state the request(s) to which they are responsive, and identify any persons having knowledge of the content of such documents.

**REQUESTS TO DEFENDANT CITY OF NEW YORK FOR PRODUCTION OF DOCUMENTS**

1. Any documents identified in the attached interrogatories to defendants.

2. Any documents which are in your possession concerning the series of incidents described in the complaint. This includes, but is not limited to:
   a. any reports or forms describing any aspect of these events;
   b. any incident reports;
   c. any tickets or citations and;
   d. statements or interviews of witnesses, informants, the plaintiff, and any correction officers or other persons who had any role or contact with the case.
   e. all police paperwork relating to Jason Campbell's arrest arising out of the incident.
   f. transcripts of any and all testimony given by any and all defendants herein with relation to the incident complained of herein and the subsequent prosecution of inmate, Jason Campbell, arising out of same.

3. Any documents that comprise or are part of any correction officers' personnel file, which mention or relate to the incident and which are contained within the files of the corrections officers who were on duty at the location of the incident complained of in this litigation at the time of the incident complained of.

4. Any documents which identify the personnel working at the specific location of the incident denoted in the complaint herein, on June 21, 2006, at approximately 11:40 AM, including but not limited to the roll call.

5. Any documents which identify the posts each correction officer was assigned to on or about June 21, 2006, at or around 11:20 a.m., in the George Motchan Detention Center, Riker's Island (hereafter, G.M.D.C.).

6. Any documents which indicate the location of each inmate on or about June 21, 2006, at or around 11:20 a.m., in G.M.D.C..

7. Any documents which indicate where inmates were housed within G.M.D.C. on June 21, 2006 and for two weeks prior thereto.

8. Any documents which identify which inmates held positions at G.M.D.C. for which they were compensated in any way ("trustees"), for the five years preceding June 21, 2006, to the present.

9. Any documents which identify the type of compensation any such inmates listed in item #8 received.

10. Inmate payroll records from inmates at G.M.D.C. from the year preceding the incident to the present.

3

11. Any documents concerning the way in which trustees are selected and compensated.

12. Any documents concerning the disciplinary and behavioral history of inmate Jason Campbell while in the Department of Correction cusotdy.

13. Any documents concerning the disciplinary and behavioral history of plaintiff, JESSE ROSEN, while in the Department of Correction custody.

14. All documents concerning improper use of inmate labor for the 5 years preceding the incident.

15. All documents concerning any complaints lodged in the 5 years preceding the incident with any New York City agency wherein it was alleged that correction officers were using inmates to assist in maintaining discipline or wherein it was alleged that correction officers were willingly allowing or directing inmates to assault or harm other inmates.

16. All medical records, films, diagnostic tests and any and all other medical information pertaining to plaintiff, JESSE ROSEN, currently in possession of defendants and/or defense counsel, including but not limited to all records obtained by defendants and/or defense counsel through the use of authorizations provided by plaintiff and plaintiff's counsel to defense counsel with relation to the litigation herein.

17. The entire file maintained by each and every defendant herein pertaining to plaintiff, JESSE ROSEN, including but not limited to all medical records, disciplinary records, housing records, transfer records and any and all other records pertaining to the plaintiff herein..

18. The complete personnel files of all corrections officers assigned to the location of the incident complained of herein at the time of said incident.

19. All documentation concerning any policies or practices of the New York City Department of Correction or of any warden at AMKC for the past 10 years concerning the use of inmate labor for any purpose.

20. Any training manual and any other material offered to DOCS corrections officers or course that could be voluntarily attended concerning proper procedures for the supervision of inmates on or three years before June, 2006,

21. The Department's "rules and regulations" and institutional and post orders regarding under what circumstances C.O.s were authorized to leave their posts in effect on and for three years before June, 2006,.

22. The Department's "rules and regulations" and institutional and post orders regarding procedures to be followed when there is an altercation and/or attack on an inmate in effect on and for three years before June, 2006,

23. All documents relating to procedures for routine screening to determine security classification, pursuant to the Department of Corrections policy to classify and separate inmates who posed a threat to the security of the facility, each other, or themselves, because of their risk of violence.

24. Any documents setting forth the specific policies providing how inmates are to be classified based upon the severity of the current charges and/or warrants; prior convictions, especially violent crimes and escapes; and information about the inmate's prior institutional behavior. If no such documents exist as to each of the items set forth above, please so state.

25. All documents relating to security classifications for plaintiff, JESSE ROSEN, Jason Campbell, all other participants in the altercation which is the subject matter of this lawsuit and all other inmates who had been classified as gang members in plaintiff, JESSE ROSEN's housing area at the time of the incident in question

26. All documents relating to the security level in any housing area where plaintiff, JESSE ROSEN was located during the time he was at Rikers Island and any documents relating to the level of security to be maintained pursuant to the security level that was determined by DOCs.

27. Diagrams, photographs or layouts of the floor plan in the housing area where the assault on plaintiff, JESSE ROSEN took place

28. A copy of the General Rules and Regulations of the City of New York Department of Correction and the specific rules in effect in 2006 at the time of the incident.

29. Any records in existence of complaints prior to the incident that is the subject matter of this claim made to any DOCs employees about prior problems with other inmates or of gang activities by plaintiff, JESSE ROSEN.

30. Any records in existence of complaints prior to the incident that is the subject matter of this claim made by plaintiff, JESSE ROSEN regarding concerns for his own safety or threats made against him.

31. All records reflecting injuries, assaults, threats or intimidation of inmates at Rikers Island for a period of five years prior to the incident in question involving gangs or other racial or ethnic "wars" taking place at Rikers Island facilities.

32. Any studies, manuals, training materials, disciplinary rules regarding employee responsibility to protect inmates from assaults by other inmates in effect at the time of the incident.

33. Any studies, manuals, training materials, disciplinary rules regarding employee responsibility to protect inmates from assaults as a result of gang activity or to curtail gang activity at Rikers Island for five years prior to the time of the incident.

34. Any documents in existence which set forth an internal review process for the reporting of policy violations with regard to protection of inmates from assaults, or other wrongdoing by other inmates.

35. All incident reports for five years prior to the incident in question involving assaults on inmates by other inmates at Rikers Island.

36. The specific procedures in existence at the time of the assault on plaintiff, JESSE ROSEN for investigating assaults on inmates by other inmates.

37. Classification procedures, if any, for classifying prisoners as "vulnerable to attacks" at the time of the assault on plaintiff, JESSE ROSEN

38. All of plaintiffs's Medical Screening Program computer records.

39. All other computer jail movement, transfer or housing records bearing plaintiff's name.

40. Complete and unredacted writings containing reports of administrative investigations of the events leading up to and the cause and circumstances of the assault on plaintiff.

41. Complete and unredacted writings containing reports of Department of Corrections or Police Department investigations of the events leading up to the assault on plaintiff, JESSE ROSEN.

42. All policies and procedures for classification and housing of persons who persons who have histories of violence or gang affiliation at the time of the incident.

43. All photographs, videotapes or audio tapes taken of plaintiff or the area where the incident occurred at any time before or after the incident or the circumstances or causes of the incident.

## REQUEST TO INSPECT, PHOTOGRAPH AND VIDEO RECORD THINGS AND GO ON LAND

44. All locations where plaintiff, JESSE ROSEN was housed, including the location of the incident.

Yours, etc.

PAZER & EPSTEIN, P.C.

BY: MICHAEL JAFFE (8319)
20 Vesey Street, #700
New York, NY 10007
(212) 227-1212

6

TO: Michael Cardozo, Esq.
    Corporation Counsel for the City of New York
    Counsel for all Defendants herein
    100 Church Street
    New York, NY 10007
    Attn: Jordan Smith, Esq.